IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN CRIST,** | : |
| Petitioner | : CIVIL NO. 1:CV-09-00512 |
| v. | : (Judge Rambo) |
| **B.A. BLEDSOE,** | : |
| Respondent | : |

# **M E M O R A N D U M**

Petitioner John Crist ("Crist"), an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") determination that he is not eligible for early release upon completion of the Residential Drug Abuse Program ("RDAP"). Specifically, Crist asserts that the BOP's decision to deny him early release consideration based on his firearms conviction violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). For the reasons that follow, the petition will be denied.

## I. Background

On September 15, 2006, Crist was convicted in the United States District Court for the Eastern District of Virginia of conspiracy to distribute and possession with intent to distribute 50 grams or more of crack cocaine, *see* 21 U.S.C. § 841, and possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c). (Doc. 4-2 at 44.) On the drug conviction, Crist was sentenced to a term of imprisonment of 210 months followed by a five-year term of supervision. (*Id.*) On the firearms conviction, he was sentenced to a term of imprisonment of 60 months, followed by a five-year term of supervision. (*Id.* at 45.) On April 29, 2008, the sentencing court reduced Crist's total sentence from 270 months to 90 months pursuant to the amended sentencing guidelines with regard to crack cocaine sentencing. (*Id.* at 46.) Crist's projected release date from BOP custody via good conduct time is October 14, 2011. (*Id.*)

On March 3, 2008, Crist was designated to USP-Lewisburg's satellite camp, where RDAP is available. (*Id.* at 43.) In April 2008, Crist was told that he would not be eligible for early release pursuant to the Director's discretion which does not allow early release for inmates whose crime involved the carrying, use, or possession of a

firearm.¹ (*See id.*; Doc. 1 at 3.) Crist subsequently appealed this determination to the Warden, Regional Director, and the BOP's Central Office. (*See* Doc. 1.) He was denied relief at all levels, thereby exhausting his administrative remedies.

Crist filed the instant habeas petition on March 19, 2009. In his petition, Crist claims that the BOP violated the Administrative Procedure Act ("APA") when it denied him early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B). Specifically, he contends that the BOP regulation used him to deny him early release, 28 C.F.R. § 550.58, as amended 28 C.F.R. § 550.55(b)(5)(ii), is invalid because it was not promulgated in accordance with the APA. In support, he claims that the BOP's failure to state a rationale for promulgating the regulation renders it arbitrary and capricious, in violation of 5 U.S.C. § 706(2)(A). (*See* Doc. 1 at 7.) Respondents have filed a response. (Doc. 4.) The petition is now ripe for disposition.

## II. Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the

---

¹ The record indicates that on April 7, 2008, Crist declined the drug treatment program. (See Doc. 4-2 at 43.) However, the record is not clear as to whether Crist declined the treatment or BOP officials denied him entry into the program.

3

execution of his sentence rather than its validity, *see United States v. Addonizio*, 442 U.S. 178, 185-88 (1979); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Crist has properly invoked section 2241 to challenge the BOP's determination of his eligibility for early release and has done so in the proper district, where he is imprisoned. *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

Turning to the RDAP, under 18 U.S.C. § 3621, the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 28 U.S.C. § 3621(b). To carry out this requirement, the BOP must provide residential substance abuse treatment for all eligible inmates, subject to the availability of appropriations. 18 U.S.C. § 3621(e)(1). An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B)(i) and (ii). As an incentive for the successful completion of the treatment program, the BOP *may*, in its discretion reduce an inmate's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B); *see also Lopez v. Davis*, 531 U.S. 230 (2001).

In order to implement this statutory requirement, in 1994 the BOP promulgated the relevant regulation at 28 C.F.R. § 550.58. In particular, 28 C.F.R. § 550.58(a)(1)(vi)(b) denied early release consideration to several categories of prisoners, including inmates whose current offense is a felony attended by "the carrying, possession, or use of a firearm." Further, in *Lopez v. Davis*, 531 U.S. 230 (2001), the United States Supreme Court upheld the BOP's authority to categorically exclude inmates who have had a prior involvement with firearms from eligibility for early release under § 3621(e)(2)(B).

On March 16, 2009, the BOP adopted a new version of the regulation at issue here.[2] This new version, codified at 28 C.F.R. § 550.55, is essentially identical to the former version codified at 28 C.F.R. § 550.58. 28 C.F.R. § 550.55 states, in part,

> (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
>
> * * *
>
> (5) Inmates who have a current felony conviction for:
>
> * * *

---

[2] On January 14, 2009, the Federal Register published the final rule changes, which were noted as taking effect on March 16, 2009. *See* 74 Fed. Reg. 1892 (Jan. 14, 2009).

> (ii) An offense that involved the carrying, possession, or use of a firearm . . . .

28 C.F.R. § 550.55(b)(5)(ii). However, unlike the prior version, the new final rule contains a considerably more detailed rationale for why inmates convicted of carrying, possessing, or using a firearm in connection with a drug trafficking crime are ineligible for early release consideration. The BOP's revised rationale states,

> Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (*See Lopez v. Davis*, 531 U.S. 230 (2001)). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.
>
> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in *Lopez v. Davis*, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." *Id*. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms

6

> while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.
>
> It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

74 Fed. Reg. at 1895. Unlike the prior rule, the new final rule clarifies that inmates convicted under 18 U.S.C. § 924(c) are not entitled to early release consideration because they pose a potential safety risk to the public. Therefore, should this new rule apply to Crist, his argument with respect to the APA would fail because the new final rule does provide a detailed rationale for the inclusion of § 924(c) offenders in the list of inmates who are ineligible for early release consideration.

In deciding whether this new final rule should apply to Crist's case, the court must determine if doing so would impermissibly give the regulation "retroactive effect." As a general rule, "a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37 (2006) (quoting *United States v. St.*

7

*Louis, S.F. & T.R. Co.*, 270 U.S. 1, 3 (1926)). *See also Landgraf v. USI Film Prods.*, 511 U.S. 244, 277 (1994) (stating a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary) (quotations omitted). The Supreme Court further stated in *Landgraf* that statutes are impermissibly retroactive when their application "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id*. at 280.

Here, the new regulation is essentially identical to the prior regulation, only codified in a different location. As such, if the BOP determined that Crist was ineligible for early release before the new regulation was finalized, it would make that same determination using the new regulation. The only difference between the regulations as they relate to § 924(c) offenders is that, with respect to the new regulation, the BOP has provided a detailed rationale for why these offenders are ineligible for early release consideration. Therefore, applying the new regulation to Crist would not have a "retroactive effect." *See Hicks v. Federal Bureau of Prisons*, No. 0:08-1911-HFF-PJG, 2009 WL 689057, at *5 (D. S.C. March 16, 2009).

Furthermore, the Third Circuit Court of Appeals has stated, "where a new rule constitutes a clarification - rather than a substantive change - of the law as it existed beforehand, the application of that new rule to pre-promulgation conduct necessarily does not have an impermissible retroactive effect, regardless of whether Congress has delegated retroactive rulemaking power to the agency." *Levy v. Sterling Holding Co., LLC*, 544 F.3d 493, 506 (3d Cir. 2008). In order to determine whether a new regulation merely clarifies the existing law rather than substantively changing it, the Third Circuit Court has set forth four factors for making this determination:

> (1) whether the text of the old regulation was ambiguous, . . . (2) whether the new regulation resolved, or at least attempted to resolve, that ambiguity, . . . (3) whether the new regulation's resolution of the ambiguity is consistent with the text of the old regulation, . . . and (4) whether the new regulation's resolution of the ambiguity is consistent with the agency's prior treatment of the issue.

*Id*. at 507 (citations omitted).

Turning to the new regulation in instant case, the court notes that in its summary of the regulatory changes, the BOP states, "[f]inalizing [this regulation] results in a more uniform and comprehensive revision of our drug **abuse treatment** program (DATP) regulations. Specifically, this amendment will streamline and clarify" the regulation. 74 Fed. Reg. at 1892. And, as stated above, the language of

9

the new regulation relating to inmates with a conviction for carrying, possession or use of a firearm is essentially identical to, and consistent with, the language of the old regulation. Thus, the court finds that the new regulation merely clarifies the existing BOP policy.

Because the new regulation is merely a clarification of existing BOP policy, applying it to Crist's case would not have an impermissible retroactive effect. Applying the new regulation here, Crist's challenge based on the APA fails.

An appropriate order will issue.

                                             s/Sylvia H. Rambo
                                             United States District Judge

Dated: April 28, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CRIST, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-00512 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| B.A. BLEDSOE, | : | |
| | : | |
| Respondent | : | |

## O R D E R

**AND NOW**, this 28th day of April, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum,

**IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.

                                               s/Sylvia H. Rambo
                                             United States District Judge

Dated: April 28, 2009.